UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM B. SHUBB,<br><br>Defendant. | No. 2:18-cv-1811 AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Complaint

Plaintiff alleges that his rights were violated when District Judge Shubb dismissed his complaint in another case for failure to state a claim. ECF No. 1 at 3. He seeks injunctive relief, including immediate release from custody. Id. at 3, 20.

III. Failure to State a Claim

A. Defendant Is Immune

"[I]n any action brought against a judicial officer [under § 1983] for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983.

Judge Shubb's dismissal of plaintiff's complaint falls squarely within the scope of activity performed in his judicial capacity, and there is no indication that this action falls within § 1983's narrow exception to judicial immunity. Judge Shubb is therefore immune from liability and the claims against him must be dismissed.

B. Scope of § 1983

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests, in part, that his conviction be vacated and he be immediately released from prison. ECF No. 1 at 20. Accordingly, to the extent he is challenging the validity of his continued confinement, his claims lie directly within the core of habeas corpus and must be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief. Habeas petitions may be filed in the district of confinement or conviction. 28 U.S.C. § 2241(d). Plaintiff is currently incarcerated in Marin County, which is situated in the

Northern District of California. 28 U.S.C. § 84(a). Based on the attachments to the complaint, plaintiff's conviction also occurred within the Northern District's jurisdiction. ECF No. 1 at 22-37. Therefore, if plaintiff wishes to challenge his conviction or sentence, he will need to do so by filing a petition in the United States District Court for the Northern District of California.

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons explained above, the complaint fails to state a claim upon which relief may be granted. Amendment could not overcome the bar of judicial immunity, or affect the scope of § 1983. Accordingly, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your claims should be dismissed because even if they are true, the defendant is immune to suit under § 1983. The court will not convert your complaint to a habeas petition because if you want to bring a habeas petition, you need to file it in the United States District Court for the Northern District of California.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

////

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2018.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE